## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LIZ VARGAS CARRASQUILLO**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE COMMONWEALTH OF PUERTO RICO THROUGH ITS SECRETARY OF JUSTICE ON BEHALF OF THE DEPARTMENT OF EDUCATION; JULIA KELEHER, SECRETARY OF EDUCATION IN HER OFFICIAL CAPACITY; DIRECTOR OF HUMAN RESOURCES DEPARTMENT (DR. FERDINAND ROSADO DE JESÚS) IN HIS OFFICIAL CAPACITY; DIRECTOR OF EMPLOYEE ASSISTANT PROGRAM (VIOLETA VÁZQUEZ CHAMORRO), IN HER OFFICIAL CAPACITY; HUMACAO REGIONAL DIRECTOR (DRA. SOL I. ORTIZ BRUNO) IN HER OFFICIAL CAPACITY; SPECIAL ASSISTANT, CANOVANAS DISTRICT (AIMEE ROSADO) IVONNE POLACO IN HER PERSONAL AND OFFICIAL CAPACITY; CARMEN PIÑERO IN HER PERSONAL CAPACITY; IVETTE TRUJILLO MUÑOZ IN HER PERSONAL CAPACITY; HUMBERTO TAPIA IN HIS PERSONAL CAPACITY**; **Insurance Company ABC** and **John and Jane Doe**<br><br>**Defendants** | **CIVIL CASE NO.**<br><br>**VIOLATION OF CIVIL RIGHTS, AMERICANS WITH DISABILITIES ACT; T. VII- DISABILITY DISCRIMINATION AND SUPPLEMENTAL JURISDICTION**<br><br>**TRIAL BY JURY DEMANDED**<br><br>**DECLARATORY JUDGMENT** |

## COMPLAINT

**COME NOW** the plaintiff through the undersigned attorneys, and respectfully state, allege and pray as follows:

## JURISDICTIONAL STATEMENT

1.     This is a civil rights action brought by the plaintiff Liz Vargas Carrasquillo, a career employee of the Department of Education who has been subjected to adverse employment actions, unequal treatment; and other unlawful actions and omissions by her employer.

2.     The plaintiff has been discriminated because a disability or impairment that substantially limits one or more of her major life activities, her record of impairment, and or the fact that she has been regarded as having such an impairment by her employer.

3.     This is a civil action brought for disability discrimination pursuant the American with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"); the Puerto Rico Employment Discrimination Statute; 29 P.R. Laws Ann. §§146 ("Law 100").

4.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1331 since this action arises under laws of the United States. Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367. The state claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

5.     Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## THE PARTIES

6.      Plaintiff Liz Vargas Carrasquillo (hereinafter "Vargas Carrasquillo") is a United States Citizen, a resident of Trujillo Alto, Puerto Rico, and a career employee of the Department of Education.

7.      Defendant in this case is the Department of Education; an agency of the Commonwealth of Puerto Rico and for all purposes the employer of Vargas Carrasquillo for whom it is request a declaratory, injunctive and monetary relief.

8.      Defendant in this case is Hon. Julia Keleher, Secretary of Education. She is sued in her official capacity.

9.      Defendant in this case is the Director of Human Resources (Dr. Fernando Rosado de Jesús) of the Department of Education. He is sued in his official capacity.

10.     Defendant in this case is the Director is the Employee Assistant Program (Violeta Vázquez Chamorro). She is sued in her official capacity.

11.     Defendant in this case is the Director of the Humacao Region (Dra. Sol Iris Ortiz Bruno). She is sued in her official capacity.

12.     Defendant in this case is the Special Assistant of the Canóvanas District (Aimme Rosado). She is sued in her official capacity.

13.     Defendant in this case is Ivonne Polaco, former Special Assistant to the Canóvanas School District. She is sued in her personal capacity pursuant to state claims.

14.     Defendant in this case is Carmen Piñero, former Special Assistant to the Canóvanas School District. She is sued in her personal capacity pursuant to state claims.

15.     Defendant in this case is Ivette Trujillo Muñoz, former Regional Director. She is sued in her personal capacity pursuant to state claims.

16.    Defendant in this case is Humberto Tapia, former Director of Human Resources Department. He is sued in his personal capacity pursuant to state claims.

## STATEMENT OF THE FACTS

17.    Ms. Liz Vargas Carrasquillo (hereinafter, "Vargas Carrasquillo"), in accordance with the constitutional principle that grants the right to education, devoted her professional life achieving these goals promoting through different activities a climate conducive to reach the highest standards of education among her students, not counting the years that she devoted as a teacher herself.

18.    Plaintiff has a flawless twenty-four (24) years of service in the Department of Education.  Currently she held the position of School Principal and it is this position that she sought a reasonable accommodation that was illegally denied to her as the facts will demonstrate.

19.    To this end, she presented a request for reasonable accommodation based on her aspiration to work and fight for his students from any position that allows her to perform the official duties of her job, and moved by her passion for education.

20.    The following statement of the facts will demonstrate that Vargas Carrasquillo was subject to treatment contrary to the protections provided by ADA, and other enforcing laws, as well of the principles of human resources management, causing serious damages to the plaintiff.

21.    Based on the facts outlined below, on January 4, 2017, the Equal Employment Opportunity Commission (hereinafter, EEOC) granted Ms. Liz Vargas Carrasquillo a Notice of Right to Sue in administrative case No. 515201500382.

22.    Henceforth is detailed the facts that supports Vargas Carrasquillo's claim.

23.     As a result of a workplace accident at the Rosa Bernard's School, Vargas Carrasquillo suffered a fall on November 2, 2012, which resulted in a fracture in the metatarsal three and four that forced her to receive health treatment with the State Insurance Fund (hereinafter, SIF).

24.     She returned to the school on December 3, 2012, with the assistance of a cast and a wheelchair.

25.     Because of the accident and in addition to the arduous working hours on December 21, 2012 Vargas Carrasquillo suffered a respiratory episode requiring contacting Emergency Services 9-1-1. She was transferred to the Medical Center with a diagnosis of double pulmonary embolism, suffering a respiratory arrest, which entailed 17 days of hospitalization in the Intensive Unit of the Industrial Hospital.

26.     After this work accident, her health was compromised, on October 15, 2014, occurred another unfortunate event. A breaking an entry occurred at the school (criminal complaint 2014-12-061-0567). The offender sprayed the fire extinguisher in the administrative office, damaging all official documents, not to mention the fact that important school's equipment was stolen.

27.     After this criminal act, and seeing how the place was left as well as the extent of the damages, she requested the emotional support from the Employee Assistance Program (hereinafter, PAE) of the Department of Education.

28.     On October 16, 2014, Vargas Carrasquillo sent to Ms. Ivonne Polanco a written communication notifying of the breaking and entry incident at the Rosa Bernard School, where the perpetrator stole a computer, printer, laptops, among others teaching tools. Ms. Vargas also reported the situation to Public Buildings Agency, Oficina para el

Mejoramiento de las Escuelas Públicas (known in Spanish as OMEP) of the Department of Education), the Police Department, among others.

29.     Due to the precarious state of the school, Vargas Carrasquillo had to report to both the Region and the school. Although she was being offered a computer, to this date, the computer was not provided.

30.     Due to the need to deliver the Student Progress Report on time, and despite taking the necessary protective measures, Vargas Carrasquillo suffered a respiratory episode at the school that required the emergency service of 9-1-1. After the hospital discharged the plaintiff, she was treated at the Hospital of the University of Puerto Rico, Carolina. She was hospitalized again at the Hospital del Maestro for a period of 7 days. The SIF referred her to the Medical Center.

31.     Specifically, on October 22, 2014 Ms. Liz Vargas received the services of the Emergency Medical Corps due to health emergency treatment she needed. As a consequence of said accident, the SIF completed an Initial Medical Order, Immediate Care Unit, dated October 30, 2014.

32.     The SIF by decision of the Administrator of Medical Treatment stated that the injured, referring to Vargas Carrasquillo, was first examined on October 30, 2014. They ordered a rest period beginning on November 6, 2014. She continue her treatment at SIF until August 2016.

33.     The Department of Education, Employee Assistance Program (hereinafter, PAE), issued a Certification dated November 20, 2014 stating that the employee, referring to Vargas Carrasquillo attended an official interview.

34.     On the same date, PAE and Dr. Elizabeth Benítez Maldonado recommended that Vargas Carrasquillo receive the Employee Assistance Program services due her emotional condition. They requested a change of work scenario, as this would help her considerably in handling her emotional situation.

35.     The Defendants, Department of Education, the Secretary of Education, the Director of the Human Resources Department, the Director of the Employee Assistant Program, and the Humacao Regional Director failed to promptly refer, evaluate and grant the reasonable accommodation.

36.     On December 12, 2014, Ms. Lisette Nieves Feliciano, Rehabilitation Specialist, recommended avoiding exposure to strong odors, dust and moisture. This recommendation was also supported by the internist, psychologist, social worker and psychiatrist. She also recommended the possibility of a work place relocation as a reasonable accommodation.

37.     This communication was addressed to Ms. Ivonne Polaco, Special Assistant of the Department of Education.

38.     The recommendations were sent in order to be evaluated by the Department of Education in accordance with their current regulations.  Given Plaintiffs condition the reasonable accommodation should have been granted.

39.     On November 20, 2014, and despite the efforts made to coordinate a meeting with Mrs. Julia Nazario, from the Office of Human Resources of the Department of Education, the meeting never took place due to circumstances beyond the control of Vargas Carrasquillo, and imputable to the discriminatory pattern against Vargas Carrasquillo.

40.     Once again, the Department of Education, the Secretary of Education, the Director of the Human Resources Department, the Director of the Employee Assistant Program, and the Humacao Regional Director failed to promptly refer, evaluate and grant the reasonable accommodation.

41.     In one of the visits to the Department of Education, Vargas Carrasquillo spoke with Ms. Gisela Cabrera of the Office of Human Resources of the Department of Education, she handed her a letter of the Findings Report of the breaking and entering, because the document was not delivered to the Superintendence of the Department of Security of the Department of Education.

42.     During the conversation, Mrs. Cabrera told her: "If you want some promotion you must renounce the SIF. Given your conditions, and the fact that you cannot exercise your voice, you are not suitable to any position because of your limitation".

43.     This prejudiced comment was an act of discrimination and a mockery of Plaintiff's condition. Her academic credentials, leadership, intellectual and functional ability, enable her to work and perform her functions so loan as she was provided with a reasonable accommodation, a conclusion endorsed by different medical specialists.

44.     This in fact demonstrate the lack of appropriate training to the Department of Education staff.

45.     On March 24, 2015, the PAE completed a Medical Assessment where she was diagnosed with dysphagia and asthma. Plaintiff develops fatigue, and respiratory distress associated with exertion. Some of the activities affected by the condition or impediment was pushing, pulling, talking, and breathing. The effort to perform these

tasks cause her respiratory distress. However, she can realize the essential duties of her job with a reasonable accommodation especially with the one recommended by the different specialist that treat her.

46.    Under the applicable law, Vargas Carrasquillo is disabled because she has an emotional and physical condition that substantially limits major life activities. The main symptoms or complaints of Vargas Carrasquillo are obstructive pulmonary disease due to two pulmonary embolisms and toxic gases inhaled in the work area, from that day she lost her voice.

47.    The Industrial Hospital and Dr. Willliam Rodríguez Cintrón, Pulmonologist, with license 5369 recommended permanent administrative work, as a reasonable accommodation.

48.    Dr. Franklin Medina, licensed 12709, recommended as a reasonable accommodation, which consists of desk-side administrative work in an environment free of dust, moisture, chemicals and other odors.

49.    Tomás Febo Rodríguez, M.S., C.C.C./P.H.L. speech and language pathologist in his Progress Report recommended a reasonable accommodation consisted of a job relocation for at least one year, that does not demand vocal effort.

50.    On April 8, 2015, Vargas-Carrasquillo sent a communication to Ms. Ivonne Polaco Ramos requesting that the documents regarding her request for a reasonable accommodation had to be adequately assessed. This communication was received on April 9, 2015.

51.    Subsequently, on April 14, 2015, Vargas-Carrasquillo sent another communication to the Department of Education, Humacao Region, Canóvanas District,

and to the attention of Ms. Ivette Trujillo Muñoz, Regional Director, and Ms. Carmen Piñero, Special Assistant, in order that Plaintiff's request for a reasonable accommodation can be finally addressed by the Department of Education.

52.     It is relevant to this claim the fact that on November 20, 2014, PAE issued a recommendation, as well the Department of Vocational Rehabilitation of the SIF. Both of these documents were delivered to Mrs. Polanco on December 23, 2014 and to Mrs. Piñero on January 8, 2015.

53.     All parties coordinated the meeting, Polanco did not appear despite her knowledge of the meeting. In the case of Mrs. Piñero she convened an "emergency" meeting, leaving the matter unresolved. Ms. Trujillo refused to meet with her. Further delaying, unnecessarily, a decision of Plaintiffs request for a reasonable accommodation.

54.     That same day Vargas-Carrasquillo sought authorization leave pursuant to Act No. 44 of May 22, 1996, known as the "Vacation License Assignment Act". The application contains the justification for her request. This petition was made taking into account the particular facts of her case. Since October 14, 2014, the request for a reasonable accommodation has not been resolved not withstanding that the Department of Education has approved these benefits for other applicants

55.     The Defendants, Department of Education, the Secretary of Education, the Director of the Human Resources Department, the Director of the Employee Assistant Program, and the Humacao Regional Director failed to grant reasonable accomodation without any legal reason. On April 16, 2015, Vargas Carrasquillo received a voice message from the staff of the Humacao Region who did not identify themselves, but told that Plaintiff's documents would be referred back to the Superintendence. On the same

day, Vargas Carrasquillo entered the school's website and found that Mrs. Ivette Trujillo wrote to Ms. Polaco about Vargas Carrasquillo's statement issued on April 14, 2015. It was scanned and published on the school's website. Such communication was confidential and any employee could have access to your personal information, violating Vargas Carrasquillo legal confidentiality rights under incorporated in the Department of Education memorandums and protocols  This action is attributable to the deficiencies of the Department of Education protocols, and the lack of training responsibility which falls in the Secretary of Education, the Director of the Human Resources Department, the Director of the Employee Assistant Program, and the Humacao Regional Director.

56.    This demonstrate the deficiencies of the Department of Education protocols and proper implementation.

57.    The Department of Education and their employees are responsible for not only the publication of such sensitive information, but demonstrates an effective method to protect the medical information of their staff, either because of lack of proper training, among others actions and omissions.

58.    That same day, she attended the PAE Program of the Department of Education. Vargas Carrasquillo met with Dr. Benítez, a psychologist and Violeta Vázquez Chamorro, Program Director, who recommended to Plaintiff to send a message to both parties, Ms. Polanco and Ms. Trujillo, so that they can resolve the matter as soon as possible to avoid delaying the process any further.

59.    Vargas Carrasquillo told Violeta Vázquez that she would assert her rights and file a complaint before the Oficina del Procurador de Personas con Impedimentos

(known in Spanish as OPPI). Ms. Ivonne Polaco, Ms. Ivette Trujillo, and Ms. Julia Nazario never answer to OPPI. This agency closed their case.

60.     On April 17, 2015, Mr. Humberto Tapia, Assistant Director of Human Resources, received from Vargas Carrasquillo the documentation he needed to address her request for reasonable accommodation.

61.     On April 20, 2015, Violeta Vázquez Chamorro, Coordinator, sent a letter to the attention of Ms. Ivonne Polanco Ramos, Special Assistant, indicating, among other things that they need a Report of the Supervisor and Minute, required to evaluate the request for reasonable accommodation.

62.     Ms. Vázquez Albino stated to Polanco Ramos: "It is necessary to take prompt action. Failure to do so could result in penalties for the agency, given the fact that she is protected by the federal ADA Act " This document was sent with a copy to Mrs. Ivette Trujillo, Director of the Educational Region of Humacao.

63.     On April 22, 2015, Vargas Carrasquillo sent Mrs. Violeta Ramos, Director of the PAE Program, evidence of the actions taken with Ms. Ivonne Polanco and Ivette Trujillo, and suggested the assignment of a mediator to work the situation due to the emotional toll it was taking on the Plaintiff.

64.     The next day, Vargas Carrasquillo visited the offices of the Legal Division (Administrative Inquiry Unit) for guidance and the possibility of filing a complaint against the Department of Education, because of the inaction of the employer. Eva Rivera, the agency's investigator, talked to her. When Plaintiff explained her situation, Elba Rivera referred her to the Human Resources Office with an urgent file addressed to the attention of Mr. Humberto Tapia.

65.     Mr. Tapia refused to speak to her and referred her to Mrs. Doris Pellot. Said official referred her to Mrs. Mayra Pereira, from the Bureau of Classification and Compensation of the Department of Education.

66.     On April 24, 2015, Vargas Carrasquillo wrote a letter to the former Secretary of Education, Hon. Rafael Román Meléndez, stating the urgent need to attend to her claim given the Department of Education non-compliance with the anti-discrimination laws, confidentiality responsibilities, and governmental ethics that shelter her.

67.     The Secretary of Education did not want to receive it, but at the insistence of Vargas Carrasquillo the secretary of Hon. Román referred it to Mr. Eligio Vélez, Special Assistant to the Secretary.

68.     Due the inaction of the Department of Education, Vargas Carrasquillo went to the Office of Assistance to the Citizen in La Fortaleza. She met with Mr. Nelson Cintrón, Special Assistant to the Secretary, and Mr. Humberto Tapia, who indicated that "he could not do anything" with no more explanation or basis to this institutional expression.

69.     On May 7, 2015, Vargas Carrasquillo and her husband attended the Canóvanas District. When she entered the meeting, there were present people who had nothing to do with the process, among them Aimé Rosado, and Marta Ortiz, both Auxiliary Superintendents, and Annette Sanjurjo, Secretary. This action violated the Department of Education regulations, HIPPA provisions, and PAE rules.

70.     On that same date, Plaintiff handed again the documentation relating to her request to Mrs. Vázquez, from PAE.

71.     Relevant to the request for a reasonable accommodation and as a clear manifestation of discrimination and patent violation of ADA provisions, the Department of Education did not follow the guidelines adopted in the Interpretative Letter # 33-2013-2014, dated April 22, 2014 entitled "Procedure for Promotion, Relocation, Recruitment, and Selection of Management, Technical, Supervision and Teaching Facilitation" which expresses the necessary requirements to proceed with a placement or transfer for exceptional situations. Among the aforementioned causes, the letter mentions two instances:

> C) Illness of the employee who requires treatment in another municipality with reliable evidence to support the request and ongoing treatment under the supervision of a health professional.
>
> D) Residential relocation that is distant to the workplace.""

72.     Vargas Carrasquillo qualifies to receive the benefits under those guidelines, but her request was unwarrantedly denied.

73.     On May 13, 2015, she filed a complaint at the Office of Administrative Grievances, Legal Division of the Department of Education.

74.     On May 22, 2015, she visited the Human Resources Offices to inquire about the status of the ADA's claim. Ms. Ana, a receptionist, indicates that the letter is not signed and that it was returned to the offices of the PAE. She recommended to call on May 26, 2015 or, in the alternative, wrote to Mr. Humberto Tapia.

75.     As advised, Vargas Carrasquillo called, but the answer was the same. That her letter was in the offices of the PAE. Ms. Elizabeth Maldonado from PAE indicated

that "it is a slow process and that they had to returned it". She gave her an appointment for June 1, 2015.

76.     On May 29, 2015 and because of the inaction of the Department of Education, Vargas Carrasquillo visited the Legal Division of the agency. The documents were delivered to Mr. Ramón Guzmán, the agency's investigator, who indicated that a legal representative will be assigned to her case. Despite the follow-up efforts, there were no response from the Legal Division.

77.     On June 12, 2015, the applicant went to the PAE office and was interviewed by Mrs. Violeta Vázquez, to know the causes of the delay.

78.     The Department of Education at its core did not respond to the request of Vargas Carrasquillo in due course; and unjustifiably delayed the process.

79.     The Department of Education told OPPI the following statement "we inform you that the request for a reasonable accommodation for the year 2015-2016 has already been evaluated in the PAE. The letter of determination is awaiting the signature of Mr. Humberto Tapia Fontanez." However, remained silent on the alternative of reasonable accommodation approved. The AR-MED-4 Forms Request for Medical Evidence and Letter from the Speech Pathologist were not considered despite its relevance.

80.     Finally, the actions of the Department of Education was not consistent with the communication indicating that the accommodation would be effective for the academic year 2015-2016 but was sent in September 2016. In other words, the letter was not timely received. Defendants only recommended cleaning to the workplace.

Currently, she received monthly payments from the Department of Education, but no reasonable accommodation has been granted.

81.     The supervisors, referring to the Secretary of Education, the Director of Human Resources, the Director of PAE, the Regional Director of Humacao, and Special Assistant, have failed to comply with the Department of Education own regulations, by not taking adequate action.

82.     The Regulation on the Procedure for Requesting and Granting Reasonable Accommodation of the Department of Education, Regulation Number 5767, establishes that procedure to request the benefits of the reasonable accommodation must be handle in writing and submitted to the Human Resources Department with a copy to the Supervisor, stating that employee wants to be qualified as disabled; and the accommodation he/she interests, as well as a copy of the Medical Report. Vargas Carrasquillo comply with her responsibilities under this regulation.

83.     In accordance with the regulation, the supervisor in 10 days will send a report to the Department of Human Resources. The Secretary of Education or his / her authorized representative shall notify the final decision to the employee. These duties were ignored by the Department of Education.

84.     The rules of procedure adopted by the Department of Education establish that the agency must take action in a reasonable period of time. It also states that the file of the employee should be kept in strictly confidentiality.

85.     The internal procedure of the Department of Education states that the accommodation includes adjustments in the areas or conditions of work. As explained above, this did not happen in the case of the plaintiff. However, other employees in better

health have been granted the reasonable accommodation. Within similar circumstances, other employees of the Department of Education have been granted relocation and other benefits, which exemplify the illegal discrimination against plaintiff.

86.     As mention in this claim, the plaintiff requests a change of work scenario following the recommendation of several medical professionals, but to this date, this accommodation has not been granted, increasing the undue hardship placed on the Plaintiff.

87.     The actions and omissions of the Department of Education infringe on the dispositions of the Plaintiff's request for a reasonable accommodations.

88.     There is no basis to deny the request for reasonable accommodation since the same should be granted as long as it is not onerous or cause "undue hardship" to the state agency.  Plaintiff's request does not.

89.     On the other hand, the supervisors, referring to the Secretary of Education, the Director of Human Resources, the Director of PAE, the Regional Director of Humacao, and Special Assistant, have failed to comply with the Department of Education own regulation, by not taking prompt action. In addition, the Secretary of Education did not notify a final decision to the Plaintiff, all of these acts are in violation of Vargas Carrasquillo's legal rights.

90.     As was previously narrated, the Department of Education has made public some of the medical records of Vargas Carrasquillo through the school website, which constitutes another infringement to the plaintiff's rights.

91.     Accordingly, disability discrimination occurs when an employer or other entity covered by the Americans with Disabilities Act, as amended, or the Rehabilitation

Act, as amended, treats a qualified individual with a disability who is an employee or applicant unfavorably because she has a disability. Vargas Carrasquillo was illegally treated when she asked for a none onerous reasonable accommodation and after several unwarranted delays was unjustifiably denied the same

92.    Under the law, an accommodation can be any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities. "There are three categories of "reasonable accommodations":

"(i) modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or

(ii) modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position; or

(iii) modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities."

93.    Vargas Carrasquillo ask for an accommodation to the work environment and administrative task.  This has not been granted even when it was supported by several medical recommendations.

94.     Recently, on February 9, 2017 PAE certified that plaintiff receives their services. To this date, she is emotionally and physically affected because of the work environment, as indicated Dr. Elizabeth Benítez, psychologist.

95.     There are a number of possible reasonable accommodations that an employer, in this case, the Department of Education, may have provided in connection with modifications to the work environment or adjustments in how and when a job is performed.

96.     These include: making existing facilities accessible; job restructuring; part-time or modified work schedules; acquiring or modifying equipment; changing tests, training materials, or policies; providing qualified readers or interpreters; and reassignment to a vacant position .

97.     In this case, Vargas Carrasquillo asks for reasonable accommodation, which consist in a reassignment to a vacant position, based in the law and Interpretative Letter # 33-2013-2014, dated April 22, 2014 entitled "Procedure for Promotion, Relocation, Recruitment, and Selection of Management, Technical, Supervision and Teaching Facilitation".

98.     Undue hardship refers not only to financial difficulty, but to reasonable accommodation that are unduly extensive, substantial, or disruptive, or those that would fundamentally alter the nature or operation of the business. None of Vargas Carrasquillo's requested accommodations are onerous to the Department of Education.

99.     Article 5 of Act No. 44 of July 2, 1985, as amended, states that: "Public or private institutions cannot exercise or use discriminatory employment procedures, methods or practices against persons with any kind of physical, mental or sensory

impairment due to the mere fact of such impairment. This prohibition includes recruitment, compensation, marginal benefits, facilities for reasonable accommodation and accessibility, seniority, participation in training programs, promotion and any other term, condition or privilege in employment. Employment forms or services may not be required by the applicant to indicate whether he or she has previously had any physical, mental or sensory impairment. In so doing, it will create the presumption that said entity discriminates by reason of impediment and will have the weight of evidence to prove the opposite of a complaint against it, as established in Article 11 of this law". Act No. 44 of July 2, 1985, as amended, establish that any public institution can exercise discriminatory employment procedures, methods or practices. Vargas Carrasquillo was subject to discriminatory procedures, methods or practices when the Department of Education did not follow their internal regulations by which the plaintiff was entitle because of her impairment.

100.     In addition to the aforementioned law, this philosophical concept inbuilt in the Letter of Rights of Persons with Disabilities is based on six (6) basic principles that the State incorporates in this public policy: (1) all people are valuable and can contribute to life in this society; (2) all people have skills, talents and gifts; (3) all people can develop according to their abilities; (4) impediments are a social creation, people are not impeded but systems prevent people, (5) the only recommended descriptor is the name and any other way to call a person is to hide the reality that no We know what to do; And (6) that common sense is the most important thing. Act No. 238 of August 31, 2004.

101.     Under such legislation, the acts of the Department of Education are clearly contrary to Letter of Rights of Persons with Disabilities, Section 1 of Article II of

the Constitution of the Commonwealth of Puerto Rico states that "the dignity of the human being is inviolable" in which the Letter of Rights of Persons with Disabilities was inspired. The law states, "all human beings are equal before the law." In the case of Vargas Carrasquillo, the Department of Education did not recognize her skills, talents, and gifts; did not create the conditions to develop her abilities and perform the essential duties of her jobs, delay her request; and ignore the medical recommendations, among other violations.

102.    Given the dangerous discriminatory policy established by the defendants which threatens Vargas Carrasquillo proprietary rights, aggravation of her health due the discriminatory pattern she has been subject; the issuance of preliminary and permanent injunction relief is required.

103.    Defendants failed to provide plaintiff with a reasonable accommodation after Vargas Carrasquillo suffered the job injuries.

104.    Defendants failed to provide plaintiff with a benefit or privilege that was given to other employees because of her physical disability and/or perceived incapacity.

105.    The Defendants assumed she was totally disabled and never grant the reasonable accommodations such, Plaintiff has suffered damages and is entitled to compensation both under federal and state laws.

## FIRST CAUSE OF ACTION
## VIOLATION OF ADA, 42 USC § 12101 ET SEQ.

106.    Plaintiff repeats and incorporates all the allegations contained thus far as if set forth fully herein.

107.    Vargas Carrasquillo is a qualified individual with a disability within the meaning of the American with Disabilities Act of 1990.

108.    The employer knew the details of Vargas Carrasquillo's disability.

109.    Vargas Carrasquillo requested a reasonable accommodation on various occasions, but the Defendants intentionally and in a discriminatory manner refused to provide a reasonable accommodation to her.

110.    Furthermore, Defendants negligently and intentionally discriminated against her as they completely ignored her request, taking no action whatsoever on her petition, even when they have granted similar accommodations to other employees.

111.    Defendants violated ADA when failing to engage into the interactive process with the plaintiff and in never discussing formally nor suggesting alternatives to accommodate his disability permanently.

112.    By co-defendants acts and omissions, they have engaged in unlawful and willful employment practices in violating of the American with Disabilities Act.

113.    As a result of the Department of Education and its personnel's discriminatory actions, Vargas Carrasquillo is entitled to compensatory damages, emotional damages, prejudgment interests, reasonable attorney's fees and court cost in an amount no less than $1,000.000.00 from the official capacity defendants.

**SECOND CAUSE OF ACTION**

**STATE ACT NO. 44. P.R. LAWS ANN. TIT. 1 § 501, ET SEQ.**

114.    Plaintiff reincorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

115.    State Act. No. 44, P.R. Laws Ann. Tit. 1 § 501, et seq., prohibits that any natural or juridical person who, on his/her own or through another, prevents, obstructs, limits, or excludes a person with disabilities from participating, being part,

enjoying any of the programs or activities organized, sponsored, operated, implemented, administered, or otherwise directed or conducted by any public or private institution, at any educational level, regardless of whether or not it receives financial resources of the Commonwealth.

116.     Co-defendant, Department of Education, is Vargas Carrasquillo's employer as defined under State Act No.44, P.R. Laws Ann. Tit. § 501.

117.     The Supreme Court of Puerto Rico noted in Guardiola Alvarez v. Dept. de la Familia, 175 DPR 668 (2009) that through § 511 of Title I (State Act No.44) the double damages that is part of the remedy establish by § 146 of Title 29 (State Act No. 100) was adopted as a remedy available for claims related to violations of § 501 et seq. of Title 1 (State Act No. 44).

118.     Co-defendants acts and omissions instituted a pattern of discriminated actions against Vargas Carrasquillo because of her disability and have engaged in unlawful and willful employment practices in clear violation of State Act No. 44.

119.     As a result, plaintiff in further entitled to double damages pursuant applicable state law.

## THIRD CAUSE OF ACTION; ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

120.     Plaintiff reincorporates by reference each and every allegation contained in the preceding paragraphs as it fully set forth herein.

121.     Defendants through their negligent and willful acts caused Vargas Carrasquillo damages and as so, they are jointly and severally liable for the damages suffered by him.

122.     Defendants engaged in intentional and discriminatory practices with malice and reckless indifference to Vargas Carrasquillo's federally and state protected rights.

123.     As consequence of codefendants acts and omissions, Vargas Carrasquillo has suffered damages including but not limited to emotional pain and suffering, pecuniary losses, among other intangible injuries, for all of which she should be compensated.

124.     In the event Defendants deny responsibilities for the actions and damages claimed herein, pursuant provisions of Rule 44 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, the plaintiff would also be entitle to an award of prejudgment and post judgment interest, to be computed from the amount finally adjudged to Plaintiff, plus a reasonable amount of attorney's fees, due to such obstinate and reckless denial.

125.     As a result of her employer discriminatory actions, Vargas Carrasquillo is entitle to emotional, and pecuniary in an amount no less than $1,000,000.00.

### FOURTH CAUSE OF ACTION:
### LAWS AND CONSTITUTION OF PUERTO RICO

126.     Plaintiffs repeat and incorporate all the allegations contained thus far as if set forth fully herein.

127.     The foregoing evidence that the defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated the plaintiffs' rights under the Constitution and laws of the Commonwealth of Puerto Rico;

"Law of Retaliation against the Employee for Offering Testimony" Public Law 115-1991, as amended.

128.     As a result of the defendants' unconstitutional and illegal conduct, plaintiffs have been subjected to adverse employment actions, and caused irreparable and continuing harm, emotionally, economically and in their civil rights, in the amount of no less than $1,000,000.00.

## JURY DEMAND

129.     Trial by Jury is requested in all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully pray that this Honorable Court:

1.     Find that the defendants have violated Plaintiff's rights under the United States Constitution; as well as under the laws and Constitution of Puerto Rico;

2.     Grant preliminary and permanent injunction granting the reasonable accommodation, also the defendants, agents or anyone acting in concert with them or pursuant to their orders; or their successors in any representative capacity from violating any Constitutional and statutory rights of the plaintiff;

3.     Award damages to Plaintiffs as a result of the defendants' unconstitutional conduct, ADA infringements and all the state claims herein mention.

4.     Award punitive damages to plaintiffs, or in such in such amount as may be deemed appropriate;

5.     Award pre-judgment and post judgment interest;

6.     Award plaintiffs' attorneys' fees and costs pursuant to 42 U.S.C.§1988; and

7.     Award such other and further relief as may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this April 4, 2017.

**LANDRÓN VERA, LLC**
1606 Ave. Ponce De León
Suite 501, Edif. Bogoricin
San Juan, PR 00909
787.395.7885/787.395.7886

S/ Eileen Landrón Guardiola
**EILEEN LANDRON GUARDIOLA**
SDC-PR-203006
Email: elandron@landronvera.com

S/ Eduardo Vera Ramírez
**EDUARDO VERA RAMIREZ**
USDC-PR-209713
Erial: evera@landronvera.com

S/Luis A. Rodríguez Muñoz
**LUIS A. RODRIGUEZ MUNOZ**
USDC-PR 214511
Email: lrodriguez@landronvera.com

S/Elaine Guzmán Cortés
**ELAINE GUZMAN CORTES**
USDC-PR-304513
Email: eguzman@landronvera.com